UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SHAWN CHRISTOPHER BROWN, | Case No. 23-cv-01388 (PJS/LIB) |
| Plaintiff, | |
| v. | **ORDER DISMISSING CASES** |
| AARON GOSLING, | |
| Defendant. | |

| | |
|---|---|
| SHAWN CHRISTOPHER BROWN, | Case No. 23-CV-1393 (PJS/LIB) |
| Plaintiff, | |
| v. | |
| CIVIL RIGHTS, et al., | |
| Defendants. | |

| | |
|---|---|
| SHAWN BROWN, | Case No. 23-CV-1465 (PJS/LIB) |
| Plaintiff, | |
| v. | |
| SAMANTHA R. ATKINSON, APRN CNP, et al., | |
| Defendants. | |

                                                            Case No. 23-CV-1494 (PJS/LIB)

SHAWN BROWN,

              Plaintiff,

v.

HOMELAND SECURITY,

              Defendant.

---

Plaintiff Shawn Brown has initiated over a dozen lawsuits in this District over the past couple of weeks. Four of those lawsuits are now before the Court on review of Brown's applications to proceed *in forma pauperis* ("IFP") and review of Brown's pleadings pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court concludes that Brown qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Brown's pleadings are difficult to follow. As far as the Court can tell, Brown believes that various defendants to these actions have taken out an insurance policy on his life and are now scheming to collect on that insurance by killing him. *See, e.g., Brown v. Gosling*, Case No. 23-cv-01388 (PJS/LIB), Comp. at ¶ 7 [ECF No. 1]. Further, Brown believes that various governmental entities have failed to properly investigate acts of domestic terrorism.[1] *See, e.g., Brown v. Homeland Security*, Case No. 23-cv-01494 (PJS/LIB), Comp. at ¶ 7 [ECF No. 1].

Brown's Complaints are generally devoid of any references to federal—or state—law. The closest that Brown comes to invoking federal law is his fleeting reference in one of his pleadings to "civil rights." *Brown v. Civil Rights, et al.*, Case No. 23-cv-1393 (PJS/LIB),

---

[1] In three of the four actions, Brown filed an exhibit along with the Complaint. *See, e.g., Brown v. Homeland Security*, Case No. 23-cv-01494 (PJS/LIB), Exh. [ECF No. 3]. In each instance, the exhibit is more than 50 pages long. *Id.* To the extent that Brown asks this Court to comb through the exhibit to discern plausible causes of action for Brown, this Court declines that invitation. *See Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 840 (8th Cir. 2004) (federal courts are not required to "divine the litigant's intent and create claims that are not clearly raised").

Comp. at ¶ 7 [ECF No. 1]. Construing Brown's claims very liberally, the Court understands Brown as raising a claim under 42 U.S.C. § 1983.

To establish a Section § 1983 claim, "a litigant must prove that the specific defendant being sued acted unlawfully himself or herself." *Washington v. Craane*, No. 18-cv-1464 (DWF/TNL), 2019 WL 2147062, at *2 (D. Minn. Apr. 18, 2019) (citing *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.")). Here, however, Brown has failed to plead—in any of his cases—sufficient facts establishing that defendants to the various actions are responsible for some constitutional violation. Further, Brown has failed to establish what constitutional right was allegedly violated. *See Van Zee v. Hanson*, 630 F.3d 1126, 1128 (8th Cir. 2011) (plaintiffs asserting a Section 1983 violation must plead that the alleged conduct deprived the plaintiff of a constitutionally protected right). Accordingly, to the extent that Brown allegations violations of Section 1983, such claims fail as a matter of law.

Brown's repeated references to stalking, insurance fraud, and identity theft fall more squarely in the realm of state tort law. *See Brown v. Gosling*, Case No. 23-cv-1388 (PJS/LIB), Comp. at ¶ 7 [ECF No. 1]. In none of the complaints, however, has Brown pleaded that the parties are of diverse citizenship, and therefore the Court lacks original jurisdiction over these state-law claims. *See* 28 U.S.C. § 1332(a). District courts, moreover, must dismiss state-law claims where, as in these matters, all federal-law claims are

dismissed prior to trial. *See Hervey v. County of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008).

Accordingly, these actions will be dismissed in their entirety without prejudice — the federal-law claims for failure to state a claim on which relief may be granted, and the state-law claims for lack of jurisdiction.

Finally, defendants have a right to be free from abusive or meritless litigation, and federal courts have an obligation to protect litigants from abusive or meritless litigation. *See In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). The Court must also manage its own docket and ensure the expedient disposition of justice for all litigants. Towards those ends, Brown will be briefly restricted from initiating new litigation in this District absent judicial authorization or representation by counsel. This restriction will be imposed until July 5, 2023. This pause will permit the Court to evaluate Brown's many other pleadings—and will also permit Mr. Brown an opportunity to determine which of his many grievances are most appropriate for litigation in federal court.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. These matters are DISMISSED WITHOUT PREJUDICE.

2. The applications to proceed *in forma pauperis* of plaintiff Shawn Brown are DENIED.

3.  Brown is restricted from initiating new litigation in this District unless represented by counsel or authorized by a judicial officer of this District. This restriction is imposed until July 5, 2023.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 25, 2023                                      BY THE COURT:

s/Patrick J. Schiltz_____
Patrick J. Schiltz, Chief Judge
United States District Court